

# The Attorney General
# of Texas

GERALD C. MANN

~~WILLXXXXXXXON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:     Attention: Mr. Hill Foreman, Chief
             Texas Highway Patrol

           Opinion No. O-4547
           Re: The effect of the Certificate of
              Title Act on delivery of registra-
              tion receipts and use of dealer's
              license plates in the situations
              presented.

   We are in receipt of your letter of April 16, 1942, which presents several questions which we have numbered in quoting your request as follows:

   "We have been confronted a number of times recently with the proposition of whether or not it is a violation of law to transfer a second-hand motor vehicle without delivering to the transferee a license receipt for the current year.

   " . . . .

   "(1) The questions confronting us in some cases have been 'would it be illegal for a second-hand car dealer to sell a used car that he had been demonstrating on a dealer's license for about six months, to a person without delivering to such person a license receipt issued by a Tax Collector of this State for the current year.'

   "(2) 'In case of such a sale, could a customer legally drive a used car on a paper dealer's license issued as provided in Article 6686 (b), such use being on local highways, pending the issuance of Certificate of Title under Article 1436-1, or should the car be registered before sold by the dealer as required in Article 1434.'

"(3)   What, if anything, could the used car
dealer be charged with under each of the fore-
going fact situations?

"The questions arising in connection with
Article 1434 and Article 1436-1 are based upon
whether or not any protion of Article 1434 is
still valid.  Please advise us which portions
of this Article are still valid since the enact-
ment of Article 1436-1."

Article 1434, Penal Code of Texas, provides as fol--
lows:

"No person, acting for himself or another,
shall sell, trade, or otherwise transfer any
used or second-hand vehicle required to be
registered under the laws of this State unless
and until said vehicle at the time of delivery
has been duly registered in this State for the
current year under the provisions of said laws;
provided, however, that a dealer may demon-
strate such motor vehicle for the purpose of
sale, trade or transfer under a dealer's li-
cense plate issued for demonstration purposes.
Whoever, acting for himself or another, sells,
trades or otherwise transfers any such vehicle
shall deliver to the transferee at the time of
delivery of the vehicle the license receipt
issued by a Tax Collector of this State for
the registration thereof for the current year
and a bill of sale in triplicate. . . . ."

Article 6686, Vernon's Annotated Civil Statutes, pro-
vides as follows:

"(a)   Any manufacturer of or dealer in motor
vehicles in this State, may, instead of regis-
tering each vehicle he may wish to show or demon-
strate on the public highways, apply for reg-
istration and secure a general distinguishing
number which may be attached to any motor
vehicle or motorcycle which he sends temporarily
upon the road. . . . A dealer within the mean-
ing of this Article means any person, firm or
corporation engaged in the business of selling
automobiles who runs them upon the public high-
ways or streets for demonstration for the pur-
pose of sale; and this Act shall not be con-
strued as permitting the use of a dealer's li-

cense or number plate on any vehicle owned or
used by such a dealer for any other purpose
than demonstration for the purpose of sale. . .

"(b)  Each dealer holding a dealer's li-
cense may issue temporary cardboard numbers us-
ing such dealer's number thereon which may be
used by any person, dealer, or manufacturer
purchasing a motor vehicle, trailer, or semi-
trailer.  Such person purchasing a motor vehi-
cle, trailer, or semi-trailer from a manufac-
turer or dealer may use such cardboard number
for a reasonable length of time but in no case
to exceed ten (10) days after such purchase is
made. . . . .

        " . . . . .

-    "(f)  Any person found guilty of violating
any of the provisions of this Act shall, upon
conviction, be fined not less than Fifty ($50.00)
Dollars and not more than One Hundred Fifty
($150.00) Dollars, and all costs of court."

        Article 1436-1, Penal Code of Texas, (Certificate of
Title Act) provides as follows:

        " . . . . .

        "Sec. 27.  Before selling or disposing of
any motor vehicle required to be registered or
licensed in this State on any highway or public
place within this State, except with dealer's
metal or cardboard license number thereto at-
tached as now provided by law, the owner shall
make application to the designated agent in the
county of his domicile upon form to be prescrib-
ed by the Department for a certificate of title
for such motor vehicle.

        " . . . . .

        "Sec. 31.  Every designated agent in this
State receiving an application for certificate
of title shall, when the provisions hereof have
been complied with, issue a receipt marked
'Original' to the applicant and shall note
thereon the required information concerning
the motor vehicle and the existence or non-
existence of liens as disclosed in the appli-

cation and deliver such receipt upon payment
of the required fees to the applicant; provi-
ded, however, that in the event there is a
lien disclosed in the application, the said
receipt shall be issued in duplicate, one of
which shall be marked 'Original' and shall be
mailed or delivered by every such designated
agent to the first lien holder as disclosed
in said application; the other said copy shall
be marked 'Duplicate Original' and shall be
mailed or delivered to the address of the ap-
plicant as disclosed in the said application,
and such receipt pending the issuance of the
certificate of title shall authorize the op-
eration of such motor vehicle on the highways
and public places within this State for a period
of not to exceed ten (10) days and upon the
expiration of such period of time shall cease
to be effective for any purpose, but may be
renewed under such reasonable rules and regu-
lations as may be promulgated by the Department.

"
 . . . . . . .

"Sec. 33. No motor vehicle may be disposed
of at subsequent sale unless the owner designat-
ed in the certificate of title shall transfer
the certificate of title on form to be prescribed
by the Department before a Notary Public, which
form shall include, among such other matters as
the Department may determine, an affidavit to
the effect that the signer is the owner of the
motor vehicle, and that there are no liens against
such motor vehicle, except such as are shown on
the certificate of title and no title to any
motor vehicle shall pass or vest until such trans-
fer be so executed.

"
 . . . . .

"Sec. 51. It shall hereafter be unlawful
for any person, either by himself or through any
agent, to offer for sale or to sell or to offer
as security for any obligation any motor vehi-
cle registered or licensed in this State without
then and there having in his possession the pro-
per receipt or certificate of title covering the
motor vehicle so offered.

"Sec. 52. It shall hereafter be unlawful to

buy or acquire any title other than a lien in a
motor vehicle registered or licensed in this
State without then and there demanding of the
proposed seller the registration receipt and
certificate of title covering the particular
motor vehicle which shall, upon consummation
of the purchase, be transferred upon such form
as may be provided by the Department.

"Sec. 53. All sales made in violation of
this Act shall be void and no title shall pass
until the provisions of this Act have been com-
plied with.

"......."

In answer to your first inquiry your attention is di-
rected to the fact that the situations you present fall di-
rectly under the provisions of Article 6686, above, in that
they deal solely with situations where a dealer's license or
temporary cardboard numbers using such dealer's number is in-
volved and not with situations where the car in question is
required to be registered as provided in the general regis-
tration statutes. Your questions therefore concern only an
automobile operated under such dealer's number which are ex-
pressly exempted from the provisions of the Certificate of
Title Act insofar as this Act definitely excepts such a vehi-
cle from being registered or licensed in this State, as Sec-
tions 27, 51 and 52 of the Certificate of Title Act use the
language "required to be registered or licensed in this State."

The language of Article 1434, P. C., above, provides
that "no person . . . shall sell . . . any used or second-
hand vehicle required to be registered unless . . . said vehi-
cle . . . has been duly registered . . . for the current year
. . ." while Article 6686, V.A.C.S., provides that a dealer
may issue temporary cardboard numbers which may be used by a
purchaser for a reasonable length of time not to exceed ten
(10) days. Section 27 of Article 1436-1, P. C., above, con-
tinues the use of dealer's license plates in this language,
"except with dealers metal or cardboard license numbers there-
to attached as now provided by law," which exception from reg-
istration seems to be continued throughout the remainder of
the Certificate of Title Act by virtue of the fact that all
other provisions use the language "required to be registered
. . . ." A vehicle using a dealer's license or cardboard num-
bers would not be one which is "required to be registered" as
is set out in Article 6686.

It is therefore our opinion that Article 6686, super-

sedes Article 1434 and that it, therefore, would not be illegal for a second-hand car dealer to sell a used car that he had been demonstrating on a dealers license to a person without delivering to such person a license receipt for the current year.

In answer to your second inquiry you will observe that Article 6686(b) which permits a purchaser to use a temporary cardboard number issued by a dealer under his dealer's license supersedes the provisions of Article 1434, P. C., requiring a person to register a vehicle before selling same and permits such purchaser to use the dealer's number for a period of time not to exceed ten (10) days. The use of dealer's metal or cardboard license numbers is specifically provided for in Section 27 of the Certificate of Title Act and must be continued throughout the remaining provisions in order to harmonize the statutes mentioned. We believe that the purchaser could use the temporary cardboard dealer's number plate for a period not to exceed ten (10) days after purchase of the car in question. The use of such numbers for a longer period of time would be in violation of the penal provisions of Article 6686, Section (f) above.

Your further attention is directed to the fact that Section 31 of Article 1436-1 provides for the use of a receipt for an application for certificate of title pending the issuance of the certificate itself, for a period of not to exceed ten (10) days. This period provides for the use of the receipt instead of the actual certificate. As the regular license plates are issued with this receipt no longer time other than the ten (10) days provided for the use of dealer's temporary cardboard numbers is granted by this provision for the use of such dealer's number.

In answer to your inquiry as to the criminal liability of a used car dealer under the above fact situations you are advised that we do not believe that such dealer would be guilty of any criminal offense under the facts presented.

You raise the further inquiry as to whether any portions of Article 1434 are still valid. In that connection, you are advised that under the fact situations provided by your question only no provisions of Article 1434 would control. Your attention is directed to the fact, however, that Article 1434, P. C., in requiring registration of ordinary vehicles by private individuals is continued in the language of Section 52 of Article 1436-1, P. C., (Certificate of Title Act) and could be applied in cases of sales of vehicles by the owners thereof, under the definition of the word "owners" set out in the section 4 of the latter Act.

We trust that the above satisfactorily answers your inquiries.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Alfred F. Herbelin
Alfred F. Herbelin
Assistant

AFH:db:wc


APPROVED MAY 27, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman